UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

DONALD C. DARNELL

Case No. 23-11467
Honorable Shalina D. Kumar

---

EVANGELOS SOULIOTIS,
                    Appellant,

v.

DONALD C. DARNELL,
                    Appellee.

---

**CORRECTED OPINION AND ORDER AFFIRMING BANKRUPTCY
COURT'S ORDERS DENYING APPELLANT'S MOTION FOR
SUMMARY JUDGMENT AND GRANTING APPELLEE/DEBTOR'S
MOTION FOR SUMMARY JUDGMENT, DENYING APPELLANT'S
EMERGENCY MOTION FOR RECUSAL, AND DISMISSING APPEAL
(ECF NO. 1)**

---

Appellant Evangelos Souliotis ("Souliotis"), who initiated an adversary

proceeding against Appellee/Debtor Donald C. Darnell ("Darnell"), appeals

from the U.S. Bankruptcy Court for the Eastern District of Michigan's order

denying Souliotis' motion for summary judgment and granting in part

Darnell's motion for summary judgment and the denial of Souliotis'

emergency motion for recusal. ECF No. 1.

Page **1** of **15**

This matter has been fully briefed. Based on the briefs and the record, the Court finds the matter sufficient for determination without a hearing. *See* E.D. Mich. LR 7.1(f); Fed. R. Bankr. P. 8012. For the reasons below, the Court affirms the bankruptcy court's decisions denying Souliotis' motion for summary judgment and granting Darnell's motion for summary judgment relating to Souliotis' claim under 11 U.S.C. § 523(a)(6) and denying Souliotis' emergency motion for recusal pursuant to 27 U.S.C. § 455. The Court dismisses the appeal as it relates to Souliotis' claim under 11 U.S.C. § 523(a)(2)(A).

## I.     Factual and Procedural Background

## A. Underlying Dispute

This matter arises from a soured attorney-client relationship. Darnell became the fourth attorney to represent Souliotis in a Washtenaw County Circuit Court action against installers and a manufacturer of spray polyurethane foam insulation in Souliotis' Ann Arbor residence. ECF No. 8, PageID.2428. Darnell immediately pursued settlement negotiations with the manufacturer-defendant, and the parties soon agreed to settle that claim for $7,500 in February 2017. ECF No. 4-2, PageID.2362. Various depositions, court appearances, and deadlines were postponed or adjourned based on the agreement to settle this claim. Souliotis authorized

Darnell to tell the state court that a settlement had been reached with the manufacturer-defendant. *Id*. at PageID.2364.

Darnell and counsel for the manufacturer-defendant negotiated release terms for the settlement. Although the original proposed settlement called for a standard mutual release among the parties, after subsequent discussion between Darnell and manufacturer-defendant's counsel, Darnell agreed that Souliotis did not require a release from the manufacturer-defendant, who had no claims against Souliotis. ECF No. 4-2, PageID.2363-2364. After reviewing a draft settlement agreement and finding that it comported with the parties' verbal agreements, Darnell forwarded it to Souliotis for review and signature on March 10, 2017. *Id.*

The circulated draft settlement agreement contained only a unilateral release from Souliotis. Although Souliotis had not signed the settlement agreement, Darnell represented to opposing counsel that the agreement was acceptable and later authorized him to sign a stipulated order of dismissal for entry by the state court. *Id*. at PageID.2365. Souliotis refused to sign the settlement agreement, continuing to question and challenge some of the language in it. *Id.* Only on April 19, 2017, more than a month after Souliotis received the draft settlement agreement, after the stipulated dismissal had been entered, was the topic of the unilateral versus mutual

release raised. *Id.* at PageID.2366. Darnell told Souliotis that he thought the mutual release was a mistake and that a unilateral release was appropriate for this case even though a mutual release would benefit Souliotis. *Id.* Shortly thereafter, Souliotis fired Darnell as his counsel and ultimately sued him in Washtenaw County Circuit Court for malpractice and breach of fiduciary duty. Souliotis secured a jury verdict against Darnell, but that verdict was not reduced to a final judgment before Darnell initiated these bankruptcy proceedings.

### B. Adversary Proceeding in Bankruptcy Court

Souliotis brought this adversary proceeding to assert that Darnell's debt to him is not dischargeable under the Bankruptcy Code because the debt arose from a willful and malicious injury to Souliotis, *see* 11 U.S.C. § 523(a)(6), and/or because the debt arose from money obtained by Darnell from Souliotis through false representations, *see* 11 U.S.C. § 523(a)(2)(A). The parties filed cross-motions for summary judgment, both arguing that there was no genuine issue of material fact and that they were entitled to judgment in their favor. *See Souliotis v. Darnell (In Re Donald C. Darnell)*, No. 22-04103 (Bankr. E.D. Mich. Jun. 8, 2023).

The bankruptcy court agreed with the parties that there was no genuine issue of material fact and found that Darnell was entitled to

judgment under § 523(a)(6) because he had not committed a "willful and malicious injury," as defined by the subsection. ECF No. 4-2, PageID.2375-2377. The bankruptcy court determined that Darnell made false representations to Souliotis by not informing him that Darnell authorized the dismissal of the case against the manufacturer-defendant until April 21, 2017. The court found that genuine issues of material fact existed as to whether Darnell intended to deceive Souliotis; if Souliotis justifiably relied upon Darnell's false representation between April 4 (when Darnell authorized the stipulated dismissal) and April 21, 2017 (when Darnell informed Souliotis he had done so); and whether Souliotis' reliance on the false representation was the proximate cause of his loss—money paid or charged after April 4 but before April 21, 2017. The court thus denied the motions for summary judgment as they pertained to the § 523(a)(2)(A) claim. ECF No. 4-2, PageID.2378-2383. After the court's ruling, Souliotis moved for, and the court granted dismissal of his remaining § 523(a)(2)(A) claim. *Id*. at PageID.2403-2413

### C. Motion for Recusal

Souliotis moved for recusal of the bankruptcy court judge pursuant to 27 U.S.C. § 455. ECF No. 8. In that motion, Souliotis does not point to any specific actions taken by the bankruptcy court which would require recusal.

ECF No. 4-2, PageID.1794. Instead, Souliotis voices his displeasure with the Sixth Circuit's decision *Capital Dredge and Dock v. City of Detroit*, 800 F.2d 525 (1986), and the Michigan Court of Appeals decision *Nelson v. Consumers Power Co.*, 497 N.W. 2d 205, 198 Mich. App. 82 (1993), regarding an attorney's apparent authority to settle a lawsuit on behalf of a client. Additionally, Souliotis asserts that there is an inherent conflict of interest within the Michigan State Bar Association between the legal profession and the public it is meant to serve. "The appearance of these decisions, in the circumstance of this case, created a genuine perception of institutional judicial conflict that must be disqualifying." ECF No. 8, PageID.2443. Souliotis goes on to question whether any "members of the Michigan bar, sitting as judges evaluating the hapless actions of a fellow member of the Michigan bar, can move forward, blinkered or blindered, by their contradictory role as members of the bar…" *Id.* The bankruptcy court denied Souliotis motion, concluding that he failed to cite to any ground requiring recusal and his "disagreement with the state of the law is not grounds for recusal…" ECF No. 4-2, PageID.1800.

## II.   Standard of Review

"The district court reviews the bankruptcy court's conclusions of law de novo and upholds its findings of fact unless they are clearly erroneous."

*In re Made in Detroit*, 414 F.3d 576, 580 (6th Cir. 2005). A bankruptcy court's interpretation of a plan it has confirmed is entitled to "full deference," and its exercise of equitable powers to "breathe life" into the provisions of a plan is reviewed under an abuse of discretion standard. *In re Terex Corp.*, 984 F.2d 170, 172 (6th Cir. 1993); *Harper v. Oversight Comm. (In re Conco, Inc.)*, 855 F.3d 703, 711 (6th Cir. 2017) (stating that bankruptcy courts also have the power to interpret the orders that they have previously given).

"Abuse of discretion" is defined as a "definite and firm conviction that the [court below] committed a clear error of judgment. . . . [I]f reasonable persons could differ as to the issue, then there is no abuse of discretion." *Mayor & City Council v. W. Va. (In re Eagle-Picher Indus., Inc.)*, 285 F.3d 522, 529 (6th Cir. 2002). Under this standard, the trial court's decision "will be disturbed only if the [trial] court relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard.'" *Elec. Workers Pension Tr. Fund of Local Union # 58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003) (citing *Blue Cross & Blue Shield Mut. v. Blue Cross & Blue Shield Ass'n*, 110 F.3d 318, 322 (6th Cir.1997)).

### III.    Analysis

### A. 11 U.S.C. § 523(a)(6) Claim

Souliotis argues that his operative complaint and motion for summary judgment presented a "triable willful and malicious injury by [Darnell] . . . that is non-dischargeable under § 523(a)(6)." ECF No. 8.

At the hearing on the cross-motions for summary judgment, the bankruptcy court held that to be non-dischargeable, an injury must be both willful and malicious. *In re Markowitz*, 190 F.3d 455, 463 (6th Cir. 1999). The bankruptcy court noted that willful means voluntary, intentional or deliberate, and that *Markowitz* requires the injury itself to be deliberate or intentional, not merely the act leading to the injury. ECF No. 4-2, PageID.2375. For a debtor to have injured a creditor willfully and maliciously, he must have acted without just cause or excuse in a way he knows or is substantially certain will cause injury. *Id.* at PageID.2373 (citing *In re Berge*, 953 F.3d 907, 915 (6th 2020)).

The bankruptcy court ruled that the jury award for breach of fiduciary duty did not establish a willful and malicious injury under the bankruptcy statute. *Id.*  It further ruled that Souliotis could not establish facts to support a finding of a willful and malicious injury by way of an expert's affidavit, particularly when the affidavit only recited the standard for breach of

fiduciary duty and not the one for willful and malicious injury under the bankruptcy statute. *Id.* at PageID. 2374-2375. The bankruptcy court determined that Souliotis offered no other evidence that Darnell desired or was substantially certain that approving the settlement agreement as it was drafted and agreeing to dismiss the case would injure Souliotis. *Id.*

This Court finds no error in the bankruptcy court's conclusions. As the bankruptcy court stated, under the two-pronged approach explicitly adopted by the Sixth Circuit in *Berge*, for a debt arising from an injury to be non-dischargeable, the injury must be both willful and malicious. *See Berge*, 953 F.3d at 914-15. To act willfully, a debtor must have actual intent to cause injury. *Id*. at 915. The debtor must desire to inflict injury or believe that harm was substantially certain to result from his actions. *Id*. "Without a subjective intent to injure, there can be no willful injury under § 523(a)(6)." *Id*. at 920.

Souliotis argues on appeal that the jury award in his favor against Darnell in the state court action establishes a willful and malicious injury. But "[f]or issue preclusion to apply for purposes of satisfying § 523(a)(6), the issue in question must have been 'actually litigated and decided' in the earlier proceeding." *Id*. at 917 (quoting *Wolfe v. Perry*, 412 F.3d 707, 716 (6th Cir. 2005)). In *Berge*, the court determined that earlier proceedings

Page **9** of **15**

finding that the debtor infringed the creditor's copyrights and violated the

Tennessee Consumer Protection Act ("TCPA") did not conclusively

establish the debtor's subjective intent to harm the creditor. *Id*. at 918.

> For preclusion to apply here, then, the parties must have actually litigated and decided in the earlier proceeding that [debtor] acted with subjective intent to harm [creditor], the same issue at play in" assessing the creditor's § 523(a)(6) claim . . . . Following its review of the underlying judgment, the bankruptcy court concluded that such evidence was absent from the earlier district court proceeding: There is no clear finding that [debtor] desired to cause the consequences of his act or believed that the injuries were substantially certain to result from it, nor are there factual allegations in the underlying complaint to that effect.

*Id*. at 917 (internal quotation omitted). The court determined that

"[s]ubjective intent to injure, as required by § 523(a)(6), is not required to

commit a knowing violation of the TCPA." *Id*. at 919. Similarly, the court

found that willfulness in the context of a copyright infringement claim

includes knowingly or recklessly copying another's work. "Where a finding

of willful copyright infringement is based merely on reckless behavior, . . .

the resulting statutory award would not fit within the § 523(a)(6) exemption."

*Id*. at 921 (cleaned up).

The bankruptcy court held that "the relevant issue here—intent to

defraud, and willful and malicious conduct—were not actually litigated and

necessarily determined by the [s]tate [c]ourt." ECF No. 4-2, PageID.2373.

The bankruptcy court noted that a breach of fiduciary duty standard, which was the standard at issue in the state court case against Darnell, does not encompass the subjective intent element critical to the willful and malicious standard under § 523(a)(6). *Id.* PageID.2375. For the same reason, the Court agrees that the jury award in favor of Souliotis from the state court action does not establish a willful and malicious injury for purposes of non-dischargeability under § 523(a)(6).

Souliotis also argues that the bankruptcy court erred in refusing to consider the affidavit of his expert as evidence of Darnell's willfulness. The bankruptcy court disregarded the expert's affidavit, finding that Souliotis could not establish facts through an affidavit of an expert, and that, on the issue of willfulness, the affidavit was inadmissible hearsay and speculative. ECF No. 4-2, PageID.2374-2375. Because expert opinion as to intent, motive, or state of mind cannot assist a jury in determining such factual issues, it is inadmissible under Federal Rule of Evidence 702. *See Hunt v. Hadden*, 127 F. Supp. 3d 780, 788–89 (E.D. Mich. 2015), *aff'd*, 665 Fed. Appx. 435 (6th Cir. 2016); *Waite, Schneider, Bayless & Chesley Co., L.P.A. v. Davis*, 253 F. Supp. 3d 997, 1013 (S.D. Ohio 2015) (citing *CMI–Trading, Inc. v. Quantum Air, Inc.*, 98 F.3d 887, 890 (6th Cir.1996), *abrogated on other grounds by Morales v. American Honda Motor Co., Inc.*, 151 F.3d 500

(6th Cir.1998)). The bankruptcy court properly disregarded Souliotis' expert affidavit as evidence of Darnell's willfulness and maliciousness.

The Court likewise agrees with the bankruptcy court that there was otherwise no evidence in the record to establish that Darnell willfully—with a subjective intent to harm Souliotis—and maliciously injured Souliotis to render Darnell's debt to him non-dischargeable under § 523(a)(6). The Court thus **AFFIRMS** the bankruptcy court's decision granting summary judgment in favor of Darnell on the § 523(a)(6) claim.

## B. 11 U.S.C. § 523(a)(2)(A) Claim

Souliotis also argues on appeal that he demonstrated undisputed non-dischargeable debt from false representation, false pretense, or actual fraud under § 523(a)(2)(A) and that the bankruptcy court erred in denying his motion for summary judgment on that claim and in limiting the period for which he could have justifiably relied on Darnell's false representation to that between April 4 and April 21, 2017. ECF No. 8; *see* ECF No. 4-2, PageID.2382. But Souliotis moved for and the bankruptcy court granted voluntary dismissal of this claim. ECF No. 3, PageID.31; *see also* ECF No. 4-2, PageID.2402-2413. The voluntary dismissal with prejudice extinguished Souliotis' § 523(a)(2)(A) claim and mooted any appealable issues related to the bankruptcy court's rulings on that claim with it. *See*

*Pettrey v. Enterprise Title Agency, Inc.*, 584 F.3d 701, 703 (6th Cir. 2009) (voluntary dismissal extinguishes the live controversy necessary for a case not to be moot). Accordingly, the Court **DISMISSES** the appeal as to the § 523(a)(2)(A) claim.

## C. Recusal

"Federal judges are bound by the recusal standard in 28 U.S.C. § 455(a)." *Garrett v. Ohio State Univ.*, 60 F.4th 359, 368 (6th Cir. 2023). That section requires a judge to recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "[I]f a reasonable, objective person, knowing all the circumstances, would have questioned the judge's impartiality," then the judge must recuse. *Id*. at 369 (quotations and marks omitted). "The standard is an objective one; hence, the judge need not recuse [herself] based on the subjective view of a party no matter how strongly that view is held." *Id*. (quotations and marks omitted).

"[J]udicial rulings alone almost never constitute a valid basis for a bias or impartiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Although they may be proper grounds for appeal, they are not for recusal. *Id*. A judge's opinions formed based on facts introduced or events occurring during the proceedings do not ordinarily constitute a basis for a

bias or partiality. *Id*. "Judicial remarks . . . that are critical or disapproving of . . . the parties, or their cases," only support a bias challenge "if they reveal an opinion that derives from an extrajudicial source" or "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id*.

The burden to justify disqualification is on the moving party. *Burley v. Gagacki*, 834 F.3d 606, 616 (6th Cir. 2016). Souliotis' allegations of bias within the State Bar of Michigan as a whole, along with his dissatisfaction with the law, do not satisfy that burden. Indeed, Souiliotis alleges nothing beyond the bankruptcy court's adverse rulings to support his request for recusal.

> An impartial judiciary—and the appearance of an impartial judiciary—is of the utmost importance. At the same time, needless recusals exact a significant toll; a change of umpire mid-contest may require a great deal of work to be redone and facilitate judge-shopping. So, there is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is.

*Garrett*, 60 F.4th at 371-72. The Court agrees that Souliotis did not meet his burden to justify recusal.

Accordingly, the Court **AFFIRMS** the bankruptcy court's denial of Souliotis' motion for recusal.

## IV.    Conclusion

For the reasons above, the Court **AFFIRMS** the bankruptcy court's orders granting summary judgment in favor of Darnell on the § 523(a)(6) claim and denying Souliotis' motion for recusal, and **DISMISSES** the appeal on the § 523(a)(2)(A) claim. The Court **DENIES AS MOOT** Souliotis' motion for oral argument, ECF No. 10, and motion for extension of time to file reply brief, ECF No. 12.

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: September 30, 2024